UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JENNIFER CARETTO, an individual,

                    Plaintiff,

vs.

APFS STAFFING, INC. d/b/a AIM
CONSULTING et al.

                    Defendants.

NO. 2:25-CV-01532-JHC

ORDER

## I
### INTRODUCTION

This matter comes before the Court on AIM Defendants' Motion for Partial Dismissal Under FRCP 12(b)(6). Dkt. # 22. The Court has considered the materials filed in support of and in opposition to the motion, the rest of the file, and the governing law. Being fully advised, the Court GRANTS the motion and DISMISSES the claims at issue without prejudice. The Court GRANTS Plaintiff leave to amend her complaint.

## II
### DISCUSSION

Federal Rule of Civil Procedure 12(b)(6) governs a motion to dismiss for failure to state a claim. To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual

ORDER
CASE NO. 2:25-CV-01532-JHC

Page 1

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. P. 8(a) (a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief").  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

"When evaluating a Rule 12(b)(6) motion, the district court must accept all material allegations in the complaint as true, and construe them in the light most favorable to the non-moving party." *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013).  But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  If a complaint lacks a "cognizable legal theory" or "sufficient facts alleged to support a cognizable legal theory[,]" a court should dismiss the complaint for failure to state a claim. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

Applying these standards to the claims at issue, the Court finds dismissal without prejudice to be appropriate.

**A.      Breach of Contract, and Breach of Implied Covenant of Good Faith and Fair Dealing**

"A breach of contract is actionable only if the contract imposes a duty, the duty is breached, and the breach proximately causes damage to the claimant." *Nw. Indep. Forest Mfrs. v. Dep't of Lab. & Indus.*, 78 Wash. App. 707, 712 (1995).  Failing to identify a breached contractual provision can doom a breach of contract claim.  *See, e.g.*, *Haywood v. Amazon.com, Inc.*, 2023 WL 4585362, at *4 (W.D. Wash. July 18, 2023) (the "complaint

ORDER                                               Page 2
CASE NO.  2:25-CV-01532-JHC

identifies no provision from the Conditions and Guidelines that imposes a contractual duty that" defendant breached); *Ogorsolka v. Residential Credit Sols., Inc.*, 2014 WL 2860742, at *7 (W.D. Wash. June 23, 2014) (concluding that because the complaint "failed to identify any relevant portion of a contract that Defendants breached," the plaintiffs failed to state a cognizable breach of contract claim); *BP W. Coast Prod., LLC v. Shalabi*, 2012 WL 441155, at *4 (W.D. Wash. Feb. 10, 2012) ("A breach of contract claim must point to a provision of the contract that was breached."); *Denton v. Dep't Stores Nat. Bank*, 2011 WL 3298890, at *5 (W.D. Wash. Aug. 1, 2011) (breach of contract claim failed "as a matter of law because [the] plaintiff has failed to identify a term breached"); *Curl v. CitiMortgage, Inc.*, 2014 WL 5321063, at *2 (N.D. Cal. Oct. 17, 2014) ("[Plaintiff's] fourth cause of action, for breach of contract, fails because [the] complaint does not identify any express contractual provision that was breached by Defendants.").

The AIM Defendants assert that the Complaint does not identify a contractual provision that was breached. Dkt. # 22 at 5. Plaintiff's response is hardly luculent. She says that the contract imposed a duty to allow her "to work remotely." Dkt. # 24 at 6. She then says this is reflected in the contract provision that states, "[Y]ou will work remotely **or** onsite with our client." *Id.* (emphasis added). She seems to argue that the interpretation of "or" as a disjunctive conjunction accords with her interpretation of the contract. But if her position is that the provision requires only remote work in her circumstance, it conflicts with her position that "[t]he only on-site required would be once a quarter and with advance notice." *See id.*

And her argument regarding ambiguity is incomplete. For example, a "contract term is ambiguous only when, viewed in context, two or more meanings are reasonable." *Healy v.*

ORDER                                    Page 3
CASE NO.  2:25-CV-01532-JHC

*Seattle Rugby, LLC*, 15 Wash. App. 2d 539, 545 (2020). But she does not present two or more reasonable meanings. Dkt. # 24 at 6.

At bottom, the Complaint fails to identify a duty and how that duty was breached. For this reason, the breach of contract claim fails. So too does the claim for breach of the implied covenant of good faith. *Badgett v. Sec. State Bank*, 116 Wash.3d 563, 569 (1991) (the duty "requires only that the parties perform in good faith the obligations imposed by their agreement."). "If there is no contractual duty, there is nothing that must be performed in good faith." *Johnson v. Yousoofian*, 84 Wash. App. 755, 762 (1996), *as amended* (Jan. 9, 1997). Plaintiff points to no contractual duty, and thus cannot point to anything that the AIM Defendants failed to perform in good faith. The Court thus dismisses both claims without prejudice.

**B.      Negligent Supervision and Hiring and Failure to Train**

Plaintiff appears to concede that, to prevail on this claim, she must show that an employee of the defendant acted outside the scope of their employment. Dkt. # 24 at 8. But the complaint does not allege that any of the AIM Defendants' employees acted outside the scope of their employment. *See generally* Dkt. # 1. Thus, the Court dismisses this claim without prejudice. The Court cautions Plaintiff to consider this "scope of employment" issue—as well as the other arguments raised by the AIM Defendants regarding this claim (but not addressed herein)—in deciding whether and how to amend her complaint.

**C.      Intentional Infliction of Emotional Distress (Outrage)**

The elements of a claim for intentional infliction of emotional distress are extreme and outrageous conduct, intentional or reckless infliction of emotional distress, and that the plaintiff suffers severe emotional distress. *Chaudhry v. Day*, 31 Wash. App. 2d 225, 230

ORDER                                    Page 4
CASE NO.  2:25-CV-01532-JHC

(2024) (citing *Kloepfel v. Bokor*, 149 Wash.2d 192, 195 (2003)). "Extreme and outrageous conduct" is conduct "'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Id.* at 230–31 (quoting *Grange Ins. Ass'n v. Roberts*, 179 Wash. App. 739, 754 (2013)). Plaintiff's allegations hardly meet this standard. *See generally* Dkt. # 1. Nor does Plaintiff cite any case with comparable allegations to support her position. Dkt. # 24 at 9–10. Thus, the court dismisses the outrage claim without prejudice.[1] The Court cautions Plaintiff to carefully consider the legal standard for outrage it in deciding whether and how to amend her complaint.

D.    **Negligent Infliction of Emotional Distress (NIED)**

The AIM Defendants argue that the NIED claim should be dismissed as duplicative of her discrimination claims. Dkt. # 22 at 10; *see Haubry v. Snow*, 106 Wash. App. 666, 678 (2001) (the "employee may recover damages for emotional distress in an employment context but only if the factual basis for the claim is distinct from the factual basis for the discrimination claim"). The Court finds this argument persuasive and it appears unaddressed by Plaintiff. *See* Dkt. # 24 10–12. Thus, the Court dismisses this claim without prejudice. The Court cautions Plaintiff to carefully consider this duplication issue—as well as the other arguments raised by the AIM Defendants regarding this claim (but not addressed herein)—in deciding whether and how to amend her complaint.

//

//

---

[1] For the first time on reply, the AIM Defendants argue that the Court should dismiss the outrage claim also because it is duplicative of her statutory claims. Dkt. # 25 at 5. The Court need not reach this issue, which Plaintiff has not had the opportunity to address. But the Court cautions Plaintiff to consider it in deciding whether and how to amend her complaint.

ORDER                                              Page 5
CASE NO.  2:25-CV-01532-JHC

### III
### CONCLUSION

For these reasons, the Court GRANTS the motion and DISMISSES Plaintiff's Fifth through Ninth claims without prejudice.

Plaintiff requests leave to amend her complaint. Dkt. # 24 at 12-13. The AIM Defendants do not appear to oppose this request. *See generally* Dkt # 25. The Court GRANTS Plaintiff leave to amend her complaint by April 2, 2026. Any amendments must be limited to the claims dismissed in this order.

DATED this 12th day of March, 2026.

John H. Chun
_____
JOHN H. CHUN
UNITED STATES DISTRICT JUDGE