THE HONORABLE JOHN H. CHUN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JENNIFER CARRETO, an individual,

Plaintiff,

v.

APFS STAFFING, INC., *et al.*,

Defendants.

Case No. 2:25-cv-01532-JHC

**REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES (RFP NO. 17) AND FOR ATTORNEY'S FEES**

**REPLY**

Plaintiff is entitled to the financial documents sought in Request for Production No. 17. Plaintiff has asserted claims for disability discrimination and failure to accommodate under the Americans with Disabilities Act. Dkt. #1 at 18–19. These claims permit recovery of punitive damages, and Plaintiff bears the burden of establishing both entitlement to such damages and their appropriate amount. Because a defendant's financial condition is directly relevant to proving punitive damages, the requested materials fall squarely within the scope of permissible discovery.

REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY
RESPONSES (RFP NO. 17) AND FOR ATTORNEY'S FEES - 1
CASE NO. 2:25-CV-01532-JHC

**AKW LAW**, P.C.
10202 5th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

Courts in the Western District do not require a plaintiff to make a *prima facie* showing or survive summary judgment before obtaining discovery of a defendant's financial information relevant to punitive damages. Thus, AIM Defendants' objection on that basis is misplaced. Notably, AIM Defendants concede that they possess documents responsive to Request for Production No. 17. Dkt. #40 at 4:1–3. Despite acknowledging both the existence and relevance of these materials, AIM Defendants have refused to produce them, asserting only blanket objections.

Such wholesale refusal is improper and a violation of the broad discovery rules. Because the requested financial documents are relevant to Plaintiff's punitive damages claim and AIM Defendants concede their existence, AIM Defendants must produce responsive documents.

**A.    The Western District of Washington Recognizes That the Requested Information Is Discoverable and Requires no *Prima Facie* Showing**

Plaintiff is entitled to these financial documents, which are directly relevant for punitive damages. A defendant's net worth and financial condition is relevant to the issue of punitive damages. *Dawson v. S. Corr. Entity*, No. C19-1987RSM, 2021 WL 843141, at *3 (W.D. Wash. Mar. 5, 2021); *see, e.g., TXO Production Corp. v. Alliance Resources Corp.*, 509 U.S. 443, 462 and n.28, 464, (1993) (noting that it is "well-settled" that a defendant's "net worth" is a factor that is "typically considered in assessing punitive damages"); *Tapia v. NaphCare Inc.*, 2024 WL 184256, at *6 (W.D.Wash. 2024). Despite this, AIM Defendants refuse to produce. AIM Defendants should not be able to dictate when Plaintiff receives relevant documents and the Western District of Washington agrees.

**REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES (RFP NO. 17) AND FOR ATTORNEY'S FEES - 2**
CASE NO. 2:25-CV-01532-JHC

**AKW LAW, P.C.**
10202 5th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

Western District of Washington has expressly rejected that plaintiffs make a *prima facie* case for financial documents or survive summary judgment:

> A defendant's net worth and financial condition is relevant to the issue of punitive damages. Such information can be obtained at any point in discovery that is not bifurcated by the Court, and **Plaintiffs need not make a prima facie case or survive summary judgment** in order to obtain it.

*Dawson*, 2021 WL 843141, at *3 (W.D. Wash. Mar. 5, 2021) (emphasis added) (internal citations omitted). Despite this clear guidance from courts in this District, AIM Defendants nevertheless contend that Plaintiff must first make a *prima facie* showing of entitlement to punitive damages before obtaining discovery of their financial information. This argument is contrary to established practice in the Western District of Washington, which does not impose such a threshold requirement and instead permits discovery of financial condition evidence based on the assertion of a viable punitive damages claim alone.

AIM Defendants argue that Plaintiff's request is premature and should be sequenced, suggesting that Plaintiff should not obtain the requested financial documents until after the close of discovery and on the eve of trial. This position lacks merit. In support, AIM Defendants rely on claims not at issue in this motion and irrelevant. AIM Defendants further contend that, even if Plaintiff could satisfy their proposed standard, "she will be limited to $300,000 in punitive damages." Dkt. #40 at 5:15. But courts in this District have expressly rejected the notion that statutory caps render financial discovery irrelevant. *See Coachman v. Seattle Auto Mgmt., Inc.*, No. C17-187 RSM, 2018 WL 1640893, at *3 (W.D. Wash. Apr. 5, 2018) (holding that a defendant's financial condition remains discoverable notwithstanding punitive damage caps).

**REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES (RFP NO. 17) AND FOR ATTORNEY'S FEES - 3**
CASE NO. 2:25-CV-01532-JHC

**AKW LAW**, P.C.
10202 5th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

AIM Defendants then assert, without meaningful support and in disregard of controlling authority, that Plaintiff must "show some factual basis for believing that punitive damages" are at issue before obtaining discovery. Dkt. #40 at 5:18–19. That is not the law in the Western District of Washington. Courts in this District do not impose such a threshold requirement, and AIM Defendants' reliance on out-of-district authority does not alter the governing standard. Accordingly, AIM Defendants' attempt to delay or avoid production of plainly relevant financial information should be rejected.

First, AIM Defendants cite *Equal Employment Opportunity Commission v. Fluor Federal Global Projects, Inc.*, No. 6:22-cv-1960-HMH-KFM, 2023 WL 8114796, at *4 (D.S.C. May 26, 2023), which expressly applies the law of the District of South Carolina—not the Western District of Washington. Second, AIM Defendants rely on *Machinery Solutions, Inc. v. Doosan Infracore America Corp.*, 323 F.R.D. 522, 537–38 (D.S.C. 2018), which in turn cites *EEOC v. Maha Prabhu, Inc.*, No. 3:07-cv-111-RJC-DCK, 2008 WL 4126681, at *4 (W.D.N.C. July 18, 2008). But *Maha Prabhu* is not applicable, the court denied financial discovery only after punitive damages had already been dismissed, that is not the case here.

Finally, AIM Defendants cite *Bossardet v. Centurion Healthcare*, No. CV-21-00179-TUC-RM, 2023 WL 11959860, at *2 (D. Ariz. Jan. 13, 2023), which imposes a *prima facie* requirement based on Arizona law. That standard likewise has no application in this District.

Notably, AIM Defendants fail to cite a single case from the Western District of Washington adopting their proposed rule. Because courts in this District have rejected it. *See Dawson v. Costco Wholesale Corp.*, 2021 WL 843141, at *3 (W.D. Wash. Mar. 5, 2021). AIM

REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY
RESPONSES (RFP NO. 17) AND FOR ATTORNEY'S FEES - 4
CASE NO. 2:25-CV-01532-JHC

Defendants' reliance on nonbinding, distinguishable authority does not override controlling local practice, which permits discovery of financial information without a *prima facie* showing. Plaintiff is not required to make a *prima facie* showing of entitlement to AIM Defendants financial records. The records are relevant and must be produced.

**B.    Plaintiff's Request Complies with FRCP 26(b)(1)**

Parties are required to produce responsive documents that are in their "possession, custody or control" in response to a relevant and proportional discovery request. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(a)(1). Rule 26 favors broad discovery. *Lauer v. Longevity Med. Clinic PLLC*, C13-0860-JCC, 2014 WL 5471983, at *3 (W.D. Wash. Oct. 29, 2014). Litigants "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005). "Relevant information for purposes of discovery is information reasonably calculated to lead to the discovery of admissible evidence." *Id*. Balance sheets, quarterly and year end reports, annual reports, and/or other documents reflecting Key Performance Indicators, and income statements and/or profit and loss statements are relevant and a three-year scope is appropriate. *Dawson*, 2021 WL 843141, at *1 (W.D. Wash. Mar. 5, 2021). "[B]alance sheets, income statements of cash flow" are relevant documents for punitive damages and a three year scope was appropriate. *Coachman*, 2018 WL 1640 (W.D. Wash. Apr. 5, 2018).

Plaintiff seeks relevant financial records because punitive damages are at issue in this case.

**REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES (RFP NO. 17) AND FOR ATTORNEY'S FEES - 5**
CASE NO. 2:25-CV-01532-JHC

**AKW LAW**, P.C.
10202 5th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

**REQUEST FOR PRODUCTION NO. 17:**
Please produce financial documents regarding Defendants AIM Consulting's, revenue and income (including but not limited to business assessments, cash flow statements, balance sheets, profit and loss statements, tax filings, accounts receivable, and accounts payable), for the years 2022 to present.

AIM Defendants, however, refuses to produce any documents in response to this request. AIM Defendants now appear to acknowledge that responsive financial documents exist. *See* Dkt. #41 at 3:7–8. AIM Defendants refuses to produce, and their complete refusal to produce responsive materials necessitated the present motion. Indeed, AIM Defendants' own declaration confirms that they possess documents they consider responsive but object to producing them based solely on scope. *Id.*

Plaintiff's requested scope is appropriate and proportional as she sought three years when she served the request. Moreover, AIM Defendants' refusal to produce any responsive documents, while simultaneously acknowledging their existence, fails to comply with Federal Rule of Civil Procedure 26(b)(1), which requires production of relevant, proportional discovery.

Here, Plaintiff's original request, from 2022 to the present, represented a three-year scope at the time it was served and is consistent with these authorities.

Because Plaintiff's request is supported by governing law, proportional to the needs of the case, and tailored to a reasonable time period, Plaintiff is entitled to production of the requested financial documents.

**C.    Proposed Protective Order**

AIM Defendants' proposed limitations are inconsistent with the rule of this District. *See Dawson v. Costco Wholesale Corp.*, 2021 WL 843141, at *3 (W.D. Wash. Mar. 5, 2021); *Coachman v. Seattle Auto Mgmt., Inc.*, 2018 WL 1640893, at *3 (W.D. Wash. Apr. 5, 2018). Both

REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY
RESPONSES (RFP NO. 17) AND FOR ATTORNEY'S FEES - 6
CASE NO. 2:25-CV-01532-JHC

**AKW LAW**, P.C.
10202 5th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

cases confirm that financial information relevant to punitive damages is discoverable within a reasonable temporal scope, and AIM Defendants' position improperly narrows what courts in this District have permitted.

Plaintiff does not object to the designation of such information as confidential where appropriate.  However, to the extent documents are produced subject to a protective order, redactions are unnecessary and would only serve to undermine the completeness and usefulness of the financial information sought.

**D.    Attorney Fees are Appropriate**

The Western District of Washington is clear on this issue.  AIM Defendants' refusal to provide the requested information despite clear case law and court rulings that these are discoverable, especially with relation to punitive damages, is cause for attorney's fees. Plaintiff has made a good faith effort to obtain the requested information from AIM Defendants without this Court's involvement.  Plaintiff Carreto therefore requests a reimbursement of reasonable attorney's fees in having to bring this Motion.

**<u>CONCLUSION</u>**

AIM Defendants' unreasonable refusal to provide documents in response to RFP No. 17 should not be tolerated.  Plaintiff respectfully requests this Court to compel AIM Defendants to provide a full and complete response, as well as a reimbursement of attorney's fees for being forced to bring this motion.

**REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES (RFP NO. 17) AND FOR ATTORNEY'S FEES - 7**
CASE NO. 2:25-CV-01532-JHC

**AKW LAW**, P.C.
10202 5th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

I certify this memorandum contains 1585 words, in compliance with Local Civil Rules.

**DATED** May 27, 2026.

**AKW LAW, P.C.**

*/s/ Rolf Gardner Toren*
Ada Smoke, WSBA #45936
Rolf Gardner Toren, WSBA #58597
Jenna Labourr, WSBA #44555
Attorneys for Plaintiff
10202 5th Ave NE, Suite 200
Seattle, WA 98125
Tel.: (206) 259-1259
Fax: (855) 925-9529
E-mail: ada@akw-law.com
E-mail: rolf@akw-law.com
E-mail: jenna@akw-law.com

REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES (RFP NO. 17) AND FOR ATTORNEY'S FEES - 8
CASE NO. 2:25-CV-01532-JHC

## CERTIFICATE OF SERVICE

The undersigned certifies under the penalty of perjury under the laws of the State of Washington that I am now and at all times herein mentioned, a citizen of the United States, a resident of the State of Washington, over the age of eighteen years, not a party to or interested in the above-entitled action, and competent to be a witness herein.

On May 27, 2026, I caused a copy of the foregoing to be served on the parties listed below in the manner specified below:

| Nathaniel Taylor<br>Payton Tompkins<br>ELLIS, LI & MCKINSTRY PLLC<br>1700 Seventh Avenue, Suite 1810<br>Seattle, WA 98101-1820<br>Tel.: (206) 682-0565<br>Fax: (206) 625-1052<br>E-mail: ntaylor@elmlaw.com<br>E-mail: ptompkins@elmlaw.com<br><br>Michael R. Phillips<br>MCGUIRE WOODS LLP<br>77 West Wacker Drive, Suite 4100<br>Chicago, IL 60601<br>Tel.: (312) 750 8902<br>E-mail: mphillips@mcguirewoods.com<br>*Attorneys for Defendants APFS Staffing, Inc., Addison Professional Financial Search LLC and AIM Consulting Acquisition, LLC* | ☐ VIA FACSIMILE |
| | ☐ VIA FIRST CLASS U.S. MAIL |
| | ☐ VIA MESSENGER/HAND DELIVERY |
| | ☒ **VIA E-MAIL/**E-FILE<br>***Per 9/16/2025 Stipulation Regarding Electronic Service*** |
| Emma Kazaryan<br>Michael Tracy<br>SEYFARTH SHAW LLP<br>999 Third Avenue, Suite 4700 | ☐ VIA FACSIMILE |
| | ☐ VIA FIRST CLASS U.S. MAIL |
| | ☐ VIA MESSENGER/HAND DELIVERY |

REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY
RESPONSES (RFP NO. 17) AND FOR ATTORNEY'S FEES - 9
CASE NO. 2:25-CV-01532-JHC

**AKW LAW**, P.C.
10202 5th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

| Seattle, Washington 98104-4041<br>Tel.: (206) 946-4910<br>E-mail: ekazaryan@seyfarth.com<br>E-mail: dculicover@seyfarth.com<br>*Attorneys for Defendant Alaska Airlines, Inc.* | ☒ | **VIA E-MAIL/**E-FILE<br>***Per 9/26/2025 Stipulation Regarding Electronic Service Under CR 5(b)(7)*** |
| --- | --- | --- |

I declare under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

Dated May 27, 2026, at Seattle, Washington.

/s/ Tara L. Peterson
Tara L. Peterson, Paralegal

**REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES (RFP NO. 17) AND FOR ATTORNEY'S FEES - 10**
CASE No. 2:25-CV-01532-JHC

**AKW LAW**, P.C.
10202 5th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529